Jason L. Solotaroff (JS-5739)
GISKAN & SOLOTAROFF
207 West 25th Street
New York, New York 10001
212-847-8315

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

AMY CASSEL TAFT,

        Plaintiff,

    v.

DEVANLAY U.S. INC.
and THIERRY BORNIER,

        Defendants.

-----------------------------------------------------------x

05 Civ. 6550 (GBD) (DFE)
ECF CASE

**COMPLAINT**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1. This is an action for sexual harassment, employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the New York State and New York City anti-discrimination laws.

2. Plaintiff is a 28 year old woman who was employed at Devanlay U.S. Inc. ("Devanlay") from February 2004 to January 2005. In late June 2004, she began working in the Finance/Accounting Department where her direct supervisor was Thierry Bornier ("Bornier").

3. From the time Plaintiff began reporting to Bornier, until she complained to Devanlay in December 2004, Bornier subjected her to severe and pervasive sexual harassment

including unwelcome touching and kissing, requests for sexual favors, and threats of adverse employment actions if she did not comply.

4. Plaintiff was afraid to complain to Devanlay because of Bornier's threats that no one would believe her and that the company would believe his denials. When Plaintiff finally decided that she had no choice but to complain, Bornier's threats were borne out. Despite corroborating many of Plaintiff's allegations, Devanlay refused to take meaningful action against Bornier. Furthermore, Devanlay denied Plaintiff a promotion she had been promised and left her no choice but to continue reporting to Bornier, accept a demotion, or resign from the company. Plaintiff was, as a result, constructively discharged from Devanlay on January 10, 2005.

## JURISDICTION

5. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 2000e et seq and 29 U.S.C. §626. A complaint containing plaintiff's sex harassment and discrimination charges was filed with the United States Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on or about June 13, 2005. Said Notice is attached as Exhibit A to this Complaint.

6. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343.

7. This Court has jurisdiction over the claims under New York State and New York City law pursuant to 28 U.S.C. §1367.

8. Venue is properly before this Court pursuant to 28 U.S.C. §1391(b) and (c), 42 U.S.C. §2000e-5(f)(3) on the ground that Plaintiff was employed by Devanlay in this district.

## THE PARTIES

9. Plaintiff, Amy Cassel Taft, is a 28 year old woman, residing in Brooklyn, New York.

10. Defendant Devanlay U.S., Inc. is a Delaware corporation with an office and principal place of business at 551 Madison Avenue, Suite 1400, New York NY 10022.

11. Defendant Thierry Bornier, who holds the position of Controller of Devanlay, on information and belief, resides in Queens, New York.

## THE FACTS

12. Plaintiff first began working at Devanlay in February 2004. She initially held the position of Retail Operations Assistant in the Retail Operations Department.

13. In May of 2004, Defendant Bornier approached Plaintiff and suggested that she apply for an assistant retail accounting position in the Finance/Accounting Department. He advised her that there was no opportunity for advancement in the Retail Operations Department but that there would be growth opportunities in the Finance/Accounting Department. He also advised her that he would train her and teach her the accounting principles she would need. Plaintiff agreed to apply for the position and received a transfer to the Finance/Accounting Department in late June 2004.

14. Almost immediately after Plaintiff transferred to Defendant Bornier's department, Mr. Bornier began sexually harassing her. Defendant Bornier's harassment included the following acts and conduct:

      (a)    Touching Plaintiff without her consent and kissing her;

(b) On a business trip, asking Plaintiff about her happiness with her marriage, discussing his desire to "corrupt her" and then attempting to visit Plaintiff's hotel room door at 1:30 a.m.;

(c) Frequently commenting on Plaintiff's physical appearance, clothing, body and complimenting her on it;

(d) Threatening Plaintiff that he would not continue training her unless she permitted him to take her picture;

(e) Insisting that training sessions take place at various locations outside the office, including at a swimming pool to which Defendant Bornier belonged;

(f) Gazing and leering at Plaintiff;

(g) Telling Plaintiff sexual jokes and making sexual references;

(h) Showing Plaintiff pictures of naked women;

(i) Questioning Plaintiff on when she would become pregnant;

(j) Giving Plaintiff expensive and inappropriate presents.

15. Defendant Bornier threatened that if Plaintiff remained professional with him and was not "close" with him, she would be more likely to be terminated. Defendant Bornier also threatened that if Plaintiff complained to Devanlay about his behavior, it would be "very bad" for her. Defendant Bornier specifically warned Plaintiff that if she complained to his supervisor, Gerard Pena, Mr. Pena would believe Defendant Bornier and simply tell Defendant Bornier about Plaintiff's complaint.

16. Defendant Bornier promised Plaintiff that if she trusted him, she would eventually receive a promotion to Assistant Controller. During the maternity leave of the current Assistant Controller, Tetyana Pererodova, Defendant Bornier assigned Plaintiff the duties of the Assistant Controller position. He also advised Plaintiff that Ms. Pereodova would be terminated soon after her return from maternity leave. Defendant Bornier said that the termination was the result of her "lying" about her pregnancy to Devanlay.

17. When Ms. Pererodova did return from maternity leave, Defendant Bornier secretly arranged for Plaintiff to continue functioning as Assistant Controller and had Plaintiff delegate tasks to Ms. Pererodova through him.

18. Defendant Bornier directed Plaintiff to give Ms. Pererodova impossible tasks to perform to help him to justify Ms. Pererodova's termination.

19. When Plaintiff expressed discomfort with assisting in Defendant Bornier in discriminatory conduct, Defendant Bornier retaliated against Plaintiff by unfairly criticizing her work.

20. Besides Plaintiff and Ms. Pererodova, Defendant Bornier also engaged in harassing and discriminatory conduct with other Devanlay employees and employment applicants. He touched at least one of Plaintiff's colleagues in an unwelcome manner and used physical attractiveness in determining whether to hire applicants.

21. By December 2004, Defendant Bornier's harassment and abuse of Plaintiff had reached the point that she felt that she had no choice to complain to Devanlay regardless of the consequences. On December 21, 2004, Plaintiff sent a detailed written complaint about Defendant Bornier's conduct to Devanlay's Director of Human Resources, Susan Marra.

22. Devanlay did not respond to Plaintiff's complaint in an appropriate manner. Ms. Marra informed Plaintiff that the company could not protect the confidentiality of her complaint and discussed the complaint with Plaintiff in public areas of the office. Devanlay required Plaintiff to attend a meeting with Defendant Bornier to discuss her complaint and permitted Defendant Bornier to verbally attack her.

23. Devanlay also requested that Plaintiff work with Defendant Bornier during its investigation of her complaint and charged her vacation or personal days when she refused to do so.

24. On January 3, 2005, Devanlay sent Plaintiff a written response to her complaint. Devanlay stated that its investigation had confirmed that Defendant Bornier had engaged in the following acts of harassment:

    (a) Taking Plaintiff's photograph;

    (b) Kissing Plaintiff;

    (c) Exhibiting photographs of naked women in the office;

    (d) Telling sexually offensive jokes;

    (e) Making inappropriate and unwanted physical contact with Plaintiff by placing his hands on both sides of her on her desk;

    (f) Giving Plaintiff inappropriate gifts.

25. Devanlay stated that it was "uncorroborated" that Defendant Bornier had otherwise touched Plaintiff in an inappropriate way, leered at her, looked her up and down, told her that she was beautiful, or had threatened her or her job.

26. Devanlay ignored Plaintiff's complaints concerning Defendant Bornier's harassing and discriminatory behavior toward other employees and employment applicants.

27. Devanlay advised Plaintiff that it had decided to issue a "strong reprimand" to Defendant Bornier and that he would receive training in "appropriate workplace behavior."

28. Devanlay gave Plaintiff three options: 1) continue working in her present position but directly report to Ms. Pererodova; 2) transfer to the Retail Operations department where she had worked previously; or 3) resign.

29. None of these options were a viable choice for Plaintiff. Continuing to work in Defendant Bornier's department would mean that he was still Plaintiff's ultimate supervisor. In addition, reporting to Ms. Pererodova would result in a demotion. Plaintiff had been performing her duties prior to making her complaint. Transferring Plaintiff back to the Retail Operations Department would have significant detrimental effects. Defendant Bornier had, after all, told Plaintiff that the Retail Operations Department represented a dead-end with no opportunity for advancement. Plaintiff did not wish to resign. The company, however, gave her no other options and accordingly, on January 10, 2005, Plaintiff gave notice that she would no longer work under such intolerable conditions.

30. Plaintiff has suffered extreme emotional and physical distress as a result of her experiences with Defendant Bornier and the company. Plaintiff has been diagnosed with migraines that her doctor believes are caused by stress, and needs to take medication to combat them. Plaintiff also has suffered from depression and has had difficulty sleeping. She have been seeing a therapist since December 2004. In addition, Plaintiff's relationship with her husband has been impaired.

## FIRST CLAIM FOR RELIEF

31.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32.     Defendant Devanlay harassed and discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex and harassed, intimidated, and ultimately discharged her, on account of her sex all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## SECOND CLAIM FOR RELIEF

33.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34.     Defendant Devanlay discriminated against and discharged Plaintiff because of her opposition to sex discrimination practices in violation of in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## THIRD CLAIM FOR RELIEF

35.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 above as if fully set forth herein.

36.     Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff in compensation and in terms, conditions and privileges of employment on account of her sex and her opposition to harassment and discrimination in violation of New York Executive Law §296.

## FOURTH CLAIM FOR RELIEF

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff in compensation and in terms, conditions and privileges of employment on account of her sex and her opposition to discrimination and harassment in violation of New York City Administrative Code §8-107.

WHEREFORE, Plaintiff demands judgment:

A. Requiring Defendants to reinstate Plaintiff to an appropriate position, equal in salary, benefits and promotional opportunities to the position of Assistant Controller, where she will not have to report to or deal with Defendant Bornier, with all employee benefits incidental thereto;

B. On account of Defendants' intentional conduct, enjoining Defendants, upon Plaintiff's reinstatement, from harassing or discriminating against Plaintiff on the basis of sex, in the terms and conditions of her employment;

C. On account of Defendants' intentional conduct, awarding back pay;

D. On account of Defendants' intentional conduct, awarding plaintiff compensatory damages, including but not limited to damages for emotional distress;

F. On account of Defendants having engaged in discriminatory conduct with malice and reckless indifference to Plaintiff's rights, awarding plaintiff punitive damages;

G. Awarding reasonable attorneys' fees, costs and expenses: and

H. Granting such other legal and equitable relief as the Court may deem just and equitable

Dated: New York, New York
July 18, 2005

                                              GISKAN & SOLOTAROFF
                                              Attorneys for Plaintiff

By: _____
                                              Jason L. Solotaroff (JS-5739)
                                              207 West 25th Street, 4th Floor
                                              New York, New York 10001
                                              212-847-8315

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:   New York, New York
         July 18, 2005

                                        GISKAN & SOLOTAROFF
                                        Attorneys for Plaintiff

                                        By: _____
                                            Jason L. Solotaroff (JS-5739)
                                        207 West 25th Street, 4th Floor
                                        New York, New York 10001
                                        212-847-8315

EEOC Form 161 (10/96)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Amy Cassel Taft  
322 East 59th Street, Apt. 2A  
New York, New York 10022

From: United States Equal Employment Opportunity Commission  
33 Whitehall Street, 5th Floor  
New York, New York 10004-2112

[ ]    *On behalf of person(s) aggrieved whose identity is*  
       *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01323 | Legal Unit | (212) 336-3620 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*[signature]*      6/10/05  
Spencer H. Lewis, Jr., District Director      *(Date Mailed)*

Enclosure(s)

cc: Atty for Respondent: Devanlay US, Inc.  
     c/o Steven Skulnik, Esq.  
     Pavia & Harcourt, LLP  
     600 Madison Avenue  
     New York, New York 10022

bcc: Jason L. Solotaroff, Esq.  
     Giskan & Solotaroff  
     207 West 25th Street  
     New York, New York 10001

*[signature]*